# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHEEN D. FAIRLY,<br><br>            Movant,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent.<br>_____/ | CASE NO. 1:95-cr-05193-LJO<br><br>**ORDER ON PETITION CHALLENGING VALIDITY OF PRIOR CONVICTION CONSTRUED AS A § 2255 MOTION AND MOTION FOR APPOINTMENT OF COUNSEL** (Docs. 279, 282) |

## I. INTRODUCTION

Rasheen D. Fairly ("Mr. Fairly") is a federal prisoner proceeding pro se. Now before the Court is his "Petition Challenging the Validity of a Prior Conviction Pursuant to 21 U.S.C. § 851(c)(2) in Aid of the All Writs Act Pursuant to 28 U.S.C. § 1651(a)." (Doc. 279). Also, before the Court is Mr. Fairly's motion for appointment of counsel. (Doc. 282). The Court finds that the petition is a successive motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255") and that Mr. Fairly fails to show that he obtained leave from the Court of Appeals to file a successive motion. Thus, for the reasons discussed below, Mr. Fairly's motion is DISMISSED for lack of jurisdiction and his motion for appointment of counsel is DENIED.

/ / /

/ / /

1

## II. BACKGROUND

In 1996, Mr. Fairly was convicted, in the Eastern District of California, of conspiracy to possess cocaine base with intent to distribute, possession of cocaine base with intent to distribute, and being a felon in possession of a firearm. (Doc. 116). Prior to sentencing, the government filed a memorandum, as required by 21 U.S.C. § 851, which provided notice that it would be seeking enhanced penalties pursuant to 21 U.S.C. § 841(b). (Doc. 124). Mr. Fairly responded to the government's memorandum. (Doc. 132). The Court determined that Mr. Fairly was previously convicted of two narcotics felonies and sentenced him to life imprisonment pursuant to § 841(b). (Docs. 143, 144). On January 8, 1998, Mr. Fairly's conviction and sentence were affirmed on appeal. *See United States v. Candler*, 1998 WL 4727 (9th Cir., Jan. 8, 1998). Shortly thereafter, Mr. Fairly filed the first of many post-conviction attacks on his sentence.

**A. First § 2255 Motion**

On October 15, 1998, Mr. Fairly filed his first § 2255 motion to vacate his sentence. (Doc. 215). Mr. Fairly raised three claims, one of which was that he received ineffective assistance of counsel when his trial counsel failed to argue that his 1990 conviction did not qualify as a prior narcotics felony for purposes of the § 841 enhancement because the substance involved was not a narcotic drug. The § 2255 motion was denied on December 14, 1998 (Doc. 218) and a certificate of appealability ("COA") was denied on March 3, 1999 (Doc. 220). Mr. Fairly requested a COA from the Ninth Circuit which was denied on January 28, 2000. (Doc. 229).

**B. Second § 2255 Motion**

On February 16, 2001, the Ninth Circuit granted Mr. Fairly permission to file a second § 2255 motion based on the new rule of constitutional law announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Mr. Fairly filed his second § 2255 motion on March 13, 2001, in which he raised his *Apprendi* claim. (Doc. 232). On November 26, 2001, this Court denied the motion (Doc. 239). Shortly thereafter, on February 4, 2002, this Court denied Mr. Fairly a COA. (Doc. 243). The Ninth Circuit denied Mr. Fairly's request for a COA on June 17, 2002. (Doc. 250).

**C. Request to File Third § 2255 Motion**

On January 8, 2005, Mr. Fairly sought leave from the Ninth Circuit to file a third § 2255 motion.

Mr. Fairly argued that newly discovered facts, presented in a state court opinion, proved that he was factually innocent of the state court conviction he previously challenged. The Ninth Circuit denied Mr. Fairly leave to file a third § 2255 motion on May 12, 2005.

**D. First § 2241 Habeas Petition**

On August 31, 2005, Mr. Fairly filed a petition for writ of habeas corpus, pursuant to 21 U.S.C. § 2241, in the United States District Court for the Central District of California. The Central District dismissed the petition based on its determination that Mr. Fairly had failed to demonstrate that opening the "escape hatch" of § 2255 was warranted. The Central District explained that Mr. Fairly's assertion that the California Court of Appeals concession that he pled guilty to the wrong crime supplied new evidence of his actual innocence, lacked merit. The Central District further determined that Mr. Fairly had many unobstructed procedural shots at presenting his claims which, it noted, are based on long known facts and unchanged law. Mr. Fairly sought to appeal but both the Central District and the Ninth Circuit denied his requests for a COA.

**E. Second § 2241 Habeas Petition**

On November 7, 2006, Mr. Fairly filed a "Motion to Challenge the Validity of a Prior Conviction Pursuant to 21 U.S.C. § 851(c)(2), on the Basis of Good Cause" with this Court. At the time, Mr. Fairly was serving his sentence at USP Victorville, located in the Central District. The motion was docketed as a petition for writ of habeas corpus pursuant to § 2241 and given a new case number.[1] This Court transferred the petition to the Central District on the basis that a § 2241 petition must be brought in the district of the custodial court. The Central District dismissed the petition as barred by the doctrine of collateral estoppel because it had previously determined the merits of Mr. Fairly's "escape hatch" claim in his prior § 2241 petition. Mr. Fairly appealed and on April 5, 2010, the Ninth Circuit affirmed the Central District's dismissal on collateral estoppel grounds. *See Fairly v. United States*, 2010 WL 1274235 (9th Cir., Apr. 5, 2010).

**F. Third § 2255 Motion**

On June 22, 2010, Mr. Fairly filed a "Writ for Relief From Judgment Under the All Writs Act

---

[1] The case number is 1:06-cv-01588-OWW.

3

Pursuant to 28 U.S.C. § 1651(a)." (Doc. 268). This Court construed the filing as a second or successive § 2255 motion and on June 28, 2010, dismissed the motion for lack of jurisdiction on the basis that Mr. Fairly failed to obtain an order from the Ninth Circuit to file a second or successive motion. (Doc. 269). This Court also denied Mr. Fairly a COA. (Doc. 272). Mr. Fairly requested a COA from the Ninth Circuit which was denied on January 26, 2012.[2]

**G. Instant Motion**

On July 6, 2012, Mr. Fairly filed the instant motion which he titles a "Petition Challenging the Validity of a Prior Conviction Pursuant to 21 U.S.C. § 851(c)(2) in Aid of the All Writs Act Pursuant to 28 U.S.C. § 1651(a)." (Doc. 279). He also filed a motion for appointment of counsel. (Doc. 282).

## III. DISCUSSION

**A. Successive § 2255 Motion**

Mr. Fairly challenges the length of his sentence by arguing that he is factually innocent of the state court conviction used to enhance his federal sentence. Mr. Fairly challenges his sentence pursuant to the "escape hatch" of § 2255, the "good cause" component of 21 U.S.C. § 851(c)(2), and the All Writs Act, 28 U.S.C. § 1651(a).

**1. "Escape Hatch" of § 2255**

"A motion under § 2255 is generally the exclusive remedy for a federal prisoner who seeks to challenge the legality of confinement." *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012).

> A petitioner is generally limited to one motion under § 2255, and may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h). This section provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

*United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (quoting § 2255(h)). "Because of the difficulty of meeting this standard, petitioners often attempt to characterize their motions in a way that

---

[2] *See* Doc. 7 of related case number 1:10-cv-01116-OWW-MJS.

4

will avoid the strictures of § 2255(h)." *Id*. Such as filing a petition pursuant to the "escape hatch" of § 2255 or pursuant to the All Writs Act, both of which a petitioner may file without obtaining authorization from the court of appeals as discussed above. *Id*.

The "escape hatch" of § 2255 "permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention."[3] *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (internal quotation marks omitted). "[A] § 2241 petition is available under the escape hatch of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id*. at 898 (internal quotation marks omitted).

Mr. Fairly's petition is not permitted under § 2255(e)'s "escape hatch." First, Mr. Fairly does not make a claim of actual innocence. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). Mr. Fairly does not argue that no reasonable juror would have convicted him of his federal conviction rather, he challenges the length of his sentence based on his argument that the state conviction used to enhance his federal sentence was invalid because he is innocent of the state crime. Thus, Mr. Fairly does not contend that he is innocent of his federal convictions.

Secondly, Mr. Fairly cannot show that he has not had an unobstructed procedural shot at presenting his claim because, as acknowledged by the Central District, Mr. Fairly's claim is based on long known facts and unchanged law. Prior to sentencing, Mr. Fairly received notice that the government planned to seek an increased sentence based on his prior felony drug convictions. Thus, Mr. Fairly was given an opportunity to challenge his prior convictions at that time. Mr. Fairly then had the opportunity to challenge his prior convictions on direct appeal and in his first § 2255 motion.

---

[3] The "escape hatch" of § 2255 is § 2255(e). It provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

5

Accordingly, Mr. Fairly has had three bona fides opportunities to present his claim and thus, cannot show that he has not had an unobstructed procedural shot at presenting his claim. Because Mr. Fairly does not make a claim of actual innocence and cannot show that he has not had an obstructed procedural shot at presenting his claim, he does not qualify for the "escape hatch" of § 2255(e). Therefore, this Court construes Mr. Fairly's petition as a § 2255 motion.

The instant motion is Mr. Fairly's fourth § 2255 motion. Before this Court can consider a second or successive § 2255 motion, the movant must receive certification from the appropriate Court of Appeals. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a "gatekeeping" mechanism for the consideration of second or successive applications in the district court thus, a movant must receive certification from the Court of Appeals prior to filing a second or successive habeas petition in the district court). Mr. Fairly has not shown that he has obtained leave from the Ninth Circuit to file a fourth motion. Thus, this Court lacks jurisdiction to consider the claims raised in the instant motion. *See Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029-30 (C.D. Cal. 2003) (holding that the court lacked jurisdiction to consider petitioner's second habeas petition because petitioner failed to obtain authorization from the Ninth Circuit).

**2. Good Cause Component of 21 U.S.C. § 851(c)(2)**

Mr. Fairly also argues that he has the ability to challenge the validity of his state court conviction pursuant to the "good cause" component of 21 U.S.C. § 851(c)(2).

21 U.S.C. § 851(c)(2) provides in relevant part that "[a]ny challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." Mr. Fairly argues that he was previously unable to challenge the prior conviction because he received ineffective assistance of counsel. This is the exact issue Mr. Fairly raised in his first § 2255 motion, filed in 1998, which this Court denied and in which the Ninth Circuit denied a COA. Mr. Fairly argues that he did not discover the defect in his state court conviction until 2004. However, in 2005, Mr. Fairly sought leave from the Ninth Circuit to file a third § 2255 motion based on this "newly discovered" evidence and the Ninth Circuit denied his request. Thus, these issues have already been raised and Mr. Fairly has failed to establish good cause under 21 U.S.C. § 851(c)(2).

### 3. All Writs Act, 28 U.S.C. § 1651(a)

To the extent Mr. Fairly proceeds pursuant to the All Writs Act, 28 U.S.C. § 1651(a), this course of action is similarly unavailing. The All Writs Act cannot be used as a mechanism to bypass AEDPA's gatekeeping requirements. *See Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) (holding that petitioner may not resort to *coram nobis* as a means of bypassing AEDPA's gatekeeping requirements).

Accordingly, this Court construes Mr. Fairly's "Petition Challenging the Validity of a Prior Conviction Pursuant to 21 U.S.C. § 851(c)(2) in Aid of the All Writs Act Pursuant to 28 U.S.C. § 1651(a)" as a successive § 2255 motion and DISMISSES the motion for lack of jurisdiction.

## B. Motion for Appointment of Counsel

Mr. Fairly requests appointment of counsel based on the complexity of the issues at hand and the fact he is housed at a facility that does not provide access to research materials enjoyed by outside attorneys including California state law books. (Doc. 282).

18 U.S.C. § 3006A(a)(2) authorizes a district court to appoint counsel in a § 2255 proceeding whenever "the court determines that the interests of justice so require" and the movant is financially eligible. Because this Court lacks jurisdiction to consider the merits of Mr. Fairly's claim and because the assistance of counsel would not aid him in presenting the jurisdictional issue in a more persuasive manner, this Court finds that the interests of justice do not require the appointment of counsel. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").

Mr. Fairly's request for appointment of counsel is DENIED.

## C. COA

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a COA. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Id*. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003). To meet this standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (alteration in original) (internal quotation marks and brackets omitted) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). In the absence of a COA, no appeal in a § 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds that the issues are not debatable among jurists of reason. *See Lambright*, 220 F.3d at 1024-25. Accordingly, a COA is improper.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. Construes Mr. Fairly's "Petition Challenging the Validity of a Prior Conviction Pursuant to 21 U.S.C. § 851(c)(2) in Aid of the All Writs Act Pursuant to 28 U.S.C. § 1651(a)" as a successive § 2255 motion and DISMISSES the motion for lack of jurisdiction;
2. DENIES Mr. Fairly's motion for appointment of counsel; and
3. DENIES Mr. Fairly's COA.

IT IS SO ORDERED.

**Dated: August 27, 2012**          /s/ Lawrence J. O'Neill

1 UNITED STATES DISTRICT JUDGE